UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ASHLEY LASBURY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 2:14-cv-00338-JAW ) |
| PEOPLE'S UNITED BANK, et al., | ) ) ) |
| Defendants. | ) |

**ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE**

Over the Defendants' objection, the Court grants the Plaintiff's motion to voluntarily dismiss the pending complaint without prejudice.

**I.    STATEMENT OF FACTS**

On August 25, 2014, Ashley Lasbury, through Attorney Adam B. Zimmerman, filed a complaint in this Court against People's United Bank and Amy Maheux (Defendants). *Compl.* (ECF No. 1). On November 21, 2014, the Defendants answered the Complaint. *Defs.' Answer to Pl.'s Compl. and Demand for Jury Trial* (ECF No. 6). On November 24, 2014, the Court issued a Scheduling Order. *Scheduling Order* (ECF No. 7). On March 27, 2015, the parties filed a joint motion to extend the discovery and other deadlines. *Jt. Mot. to Extend Deadlines* (ECF No. 8). On April 9, 2015, the Court granted the motion in part and denied it in part. *Report of Hr'g and Order Re: Mot. to Enlarge Scheduling Order Deadlines* (ECF No. 11).

On May 18, 2015, Attorney Zimmerman moved to withdraw as Plaintiff's counsel and to extend the time for discovery due to the fact that he was closing his

legal practice. *Mot. for Leave to Withdraw and Mot. for Extension of Time for Disc.* (ECF No. 13). He indicated in the motion that he had referred Ms. Lasbury to other counsel and they were scheduled to meet shortly. *Id.* at 2. However, on June 8, 2015, when the Magistrate Judge held a status conference, Attorney Zimmerman stated that the new lawyer had decided against taking the case and that he was continuing to assist Ms. Lasbury in finding new counsel. *Report of Hr'g and Order Re: Mot. for Leave to Withdraw* (ECF No. 16). The Magistrate Judge gave Ms. Lasbury until June 30, 2015 to find a new lawyer. *Id.* at 2.

On July 20, 2015, Ms. Lasbury moved to dismiss her action against the Defendants, noting that Attorney Zimmerman is no longer practicing law and she had been unable to find new counsel. *Mot. to Dismiss* (ECF No. 18). On July 21, 2015, the Defendants responded to the motion to dismiss, stating that although they did not object to Ms. Lasbury's motion to dismiss, they requested the Court dismiss the Plaintiff's case with prejudice. *Defs.' Resp. to Pl.'s Mot. to Dismiss* (ECF No. 19).

## II.   DISCUSSION

Over the Defendants' objection, the Court concludes that Ms. Lasbury's Complaint should be dismissed without prejudice. Although she does not cite a rule, Ms. Lasbury's request for dismissal falls under Rule 41(a)(2):

> **(2) *By Court Order; Effect.*** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a)(2). Whether to dismiss an action without prejudice under Rule 41(a)(2) remains in the discretion of the Court. *JRA Architects & Project Managers,*

2

*P.S.C. v. First Fin. Grp., Inc.*, 375 F. App'x 42, 43 (1st Cir. 2010); *Doe v. Urohealth Sys. Inc.*, 216 F.3d 157, 160 (1st Cir. 2000); *Canadian Nat'l Ry. Co. v. Montreal, Me. & Atl. Ry., Inc.*, No. 1:10-cv-452-JAW, 2011 U.S. Dist. LEXIS 70425, *41 (D. Me. Jun. 30, 2011). The First Circuit stated that "[t]he basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *P.R. Mar. Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981) (quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)).

In deciding whether to allow a voluntary dismissal, courts generally consider: 1) the defendant's effort and expense of preparation for trial; 2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; 3) insufficient explanation for the need to take a dismissal; 4) the fact that a motion is made at a critical juncture in the ongoing processing of the case; and, 5) whether a dispositive motion has been filed. *Doe*, 216 F.3d at 160; *Ring v. ZF Lemforder Corp.*, No. CV-09-83-B-W, 2009 U.S. Dist. LEXIS 53909, *3 (D. Me. Jun. 24, 2009). As a general rule, a request for dismissal without prejudice should be granted "if no prejudicial effects would result for the opposing party." 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2364 (3d ed. 2008). "Accordingly, in ruling on a motion for voluntary dismissal, 'the district court is responsible . . . for exercising its discretion to ensure that such prejudice will not occur.'" *JRA Architects*, 375 F. App'x. at 43 (quoting *Doe*, 216 F.3d at 160). Finally, the First Circuit has clarified that the

3

district courts "need not analyze each factor or limit their consideration to these factors." *Doe*, 216 F.3d at 160.

Applying these factors here, this case is a straightforward example of one that should be dismissed without prejudice. After the Complaint was filed on August 25, 2014, the docket reveals almost no action. There have been no dispositive motions and no trial; Ms. Lasbury's motion to dismiss was not filed at a critical juncture in the case, such as on the eve of trial or after a verdict. From the docket entries, it appears that Ms. Lasbury's request for dismissal was prompted by the unexpected and unfortunate fact that her chosen attorney closed his legal practice and by her inability—for whatever reason—to obtain new counsel. Although the Defendants requested the Court dismiss the case with prejudice, this Court has never issued a ruling on the merits of Ms. Lasbury's case, and under Rule 41(a)(2) the usual rule is that the action be dismissed without, not with prejudice.

### III. CONCLUSION

The Court GRANTS Plaintiff's Motion to Dismiss (ECF No. 18) and her Complaint is hereby DISMISSED without prejudice.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 24th day of February, 2016